Filed 6/23/21  P. v. Meza CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081122 |
| Plaintiff and Respondent, | (Super. Ct. No. DF014567A) |
| v. | |
| PEDRO MEZA, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

N. Noelle Francis, under appointment by the Court of Appeal, Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Peña, Acting P.J., Smith, J. and Snauffer, J.

Appointed counsel for appellant Pedro Meza asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Meza was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. To date, he has not done so. Finding no arguable error that would result in a disposition more favorable to Meza, we affirm.

## PROCEDURAL HSTORY

On October 25, 2019, the Kern County District Attorney's Office charged Meza with possession of a sharp instrument while confined in a penal institution (Pen. Code, § 4502, subd. (a).) The information further alleged Meza had suffered four prior strike convictions. (§§ 667, subds. (b)-(j), 1170.12).)

On February 19, 2020, during an Evidence Code section 402 hearing, defense counsel argued that confessional statements made by Meza to a correctional officer were obtained in violation of Meza's *Miranda*[1] rights. Following argument by the parties, the trial court ruled that evidence of Meza's statements could be introduced at trial.

On February 21, 2020, following a jury trial, Meza was found guilty of the charged offense. Meza waived his right to a jury trial on whether he had suffered the prior strike convictions. Following a bench trial, the trial court found all four prior strike conviction allegations true.

On May 5, 2020, Meza was sentenced to the upper term of four years in prison, doubled to eight years. The trial court imposed one of the prior strikes, but struck the other three for sentencing purposes. The trial court ordered Meza's eight-year prison term to run consecutive to the prison sentence he is currently serving. In addition, the trial court imposed various fines and fees without objection by defendant.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

## STATEMENT OF FACTS

***Prosecution's Case***

Meza, an inmate at Kern Valley State Prison, is currently serving a life sentence. On November 28, 2018, Correctional Officer Ricardo Gonzalez and his partner, Officer Sanchez, conducted a search of Meza's person and his cell. Meza shared his cell with another inmate, Manuel Chairez-Campos, who was present when the search occurred. Neither Meza nor Chairez-Campos were restrained when Gonzalez and his partner arrived at their cell.

While searching Meza's person, Gonzalez asked Meza whether "there was anything inside his cell that might poke me or stick me while I'm doing the cell search." Meza stated he had " 'two burners on the bottom [shelf] that my cellmate did not know that I have.' " When Gonzalez asked Meza to clarify what he meant by " 'burners,' " Meza responded, " 'weapons.' " Meza was handcuffed and escorted to another location. Correctional officers found two manufactured weapons where Meza claimed they would be located.

They also found Meza's inmate identification card on the lower shelf. Inmates must carry their inmate identification cards with them at all times, and they cannot retrieve packages without showing their cards.

***Defense's Case***

Meza testified that the burners did not belong to him, but he initially claimed responsibility for them because of prison politics. He was serving a sentence of 60 years in state prison. Chairez-Campos, on the other hand, would become eligible for release from prison within the next two years.

Meza explained that at the time he took responsibility for the burners, he thought that he would have been subject to administrative discipline at the state prison. He was now claiming the burners did not belong to him because the district attorney is prosecuting the case and he is facing a prison term of 25 years to life.

## DISCUSSION

After independent review of the record, we find that no reasonably arguable factual or legal issues exist. We further note the following.

*Miranda* generally precludes the admission in evidence of a suspect's statements made during in-custody interrogation unless certain warnings precede the suspect's statements. (*Miranda, supra,* 384 U.S. at pp. 468-473.) The *Miranda* warning requirement is however subject to exceptions, including the "public safety" exception. This exception recognizes that in circumstances in which an officer's questions are reasonably prompted by concern for public safety or officer safety, those concerns outweigh the "need for the prophylactic rule protecting the Fifth Amendment's privilege against self-incrimination." (*New York v. Quarles* (1984) 467 U.S. 649, 657.)

In *People v. Cressy* (1996) 47 Cal.App.4th 981 (*Cressy*), the First Appellate District applied the public safety exception where an officer had asked the defendant, who was arrested for possession of a syringe, whether he had any needles or other paraphernalia on him prior to searching the defendant. (*Id*. at p. 985.) The appellate court held that "[a]llowing a simple and narrow inquiry merely ensures that an officer need not put his safety at risk while engaging in otherwise lawful conduct." (*Id*. at p. 989.)

The appellate court clarified that its holding "presupposes there is a legal justification for a search," and that the officer's "inquiry must be narrowly tailored to prevent potential harm." (*Cressy, supra*, 47 Cal.App.4th at p. 989.) As a result, "[a]llowable questions may only address the presence of items that might be harmful if they were seized without anticipation and particular caution." (*Ibid*.) Thus, asking a suspect " 'What's in your pockets?' " would be an impermissibly broad question. (*Ibid*.)

Assuming Meza's confessionary statements were made during a custodial interrogation, we conclude Officer Gonzalez's questions fall within the public safety

4.

exception to the *Miranda* warning requirement.[2]  Officer Gonzalez asked Meza whether "there was anything inside [Meza's] cell that might poke [him] or stick [him] while [he was] doing the cell search."  When Meza responded that there were burners in his cell, Officer Gonzalez asked for clarification concerning what a burner was.  Plainly Officer Gonzalez' questions were narrowly tailored to discovering whether there were objects in Meza's cell which could be dangerous to him and his partner while conducting the search.  (*Cressy, supra*, 47 Cal.App.4th at p. 989.)  Based on the foregoing, we conclude the trial court did not err in declining to suppress Meza's statements.

### DISPOSITION

The judgment of conviction is affirmed.

---

[2]     There is no reasonable dispute that the search of Meza's prison cell was proper.  A prison inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." (*Hudson v. Palmer* (1984) 468 U.S. 517, 519, 525-526.)